ROSEMOND DUGAT *v.* EREMISE EMÉRENTHE COMEAU.

A woman of full age, not under the control of a husband, stands on the same footing as any other person able to contract.    She will be presumed to have intended to bind herself in the manner in which she actually bound herself, and will not be lis - tened to when she simply alleges that she acted unadvisedly, and without sufficien t information.   C. C. 1775.

A clear case of error, or want of consideration must be shown, to release one from an obligation who has, under his signature, acknowledged his indebtedness, and admit ted a consideration.

An act, not authentic from want of form, will be obligatory as one *sous seign privé* C. C. 2232.

APPEAL from the District Court of Lafayette, *Campbell*, J.

*Moore*, for the plaintiff.

*Crow* and *Porter*, for the appellant.

MORPHY, J.   The plaintiff having instituted executory proceedings upon a mortgage of several slaves, executed by the defendant to secure the payment of a note for $981 61, drawn by her to his order, she enjoined the proceedings on the ground, that the act of mortgage was not executed before Charles M. Olivier, the Parish Judge of Lafayette, as it purports to be ; that she never was indebted to Rosemond Dugat in the sum therein set forth ; that the act was never read or explained to her, so that she could understand its purport, and that it was signed only in the presence of the subscribing witnesses, and of one or two other persons ; that she was under the impression that she was signing an instrument as security for E. F. Arcenaux, for a very small sum of money, not half as much as that now claimed of her ; that the act is false and

fraudulent, and should be declared null as such. In answer to the petition for an injunction, the plaintiff denied all the allegations therein made, and prayed for judgment for the amount of the note and mortgage sued upon, thus turning the executory. into proceedings *via ordinaria;* whereupon, a trial being had, there was a judgment below in favor of the plaintiff for the amount claimed, from which judgment the defendant prosecutes the present appeal.

O. Mouton testified, that he was one of the attesting witnesses to the act of mortgage, and that it was executed and passed at his house ; that the persons present were Emilien Arcenaux, John Greig, John L. Daniel, and Emile Arcenaux ; that the Parish Judge was not there ; that the defendant did not read the act over before signing it, but stated that she knew its contents. Martin Comeau, the husband of the defendant, from whom she is separated from bed and board, was not present when she signed ; that Mr. Greig asked her if she knew what she was signing, stating to her that it was a mortgage for another person's debt ; she said she knew it, and her brother then observed, that he had informed her of its contents. This witness adds, that after the execution of the note and mortgage, the defendant told him that she had sent for Mr. Greig to explain it, that he had done so, and that she was satisfied it was all right.

Greig, the other subscribing witness, declared that when the mortgage was executed the Parish Judge was not present ; that he (the witness,) was sent for to explain the act ; that he thinks, he either read it over or explained it to the defendant, or else was told by her that she understood it ; that he would not otherwise have attested its execution; that there were certain blanks as to date, amount, &c., in the act, which were filled up by himself, (the witness,) and that the note sued on is in his handwriting.

From this evidence, which is all that the record furnishes, it does not appear to us that there was any fraud or imposition practised upon the defendant. If the act was not read to her by some of the persons present, it was, no doubt, because she declared herself aware of its contents. She appears to have perfectly understood that she was binding herself and her property for the debt of her brother, E. F. Arcenaux, which she had a right to do, being of full age, and separated from bed and board from her husband. Her

willingness to assume the debt of her brother, was a sufficient cause or consideration for the obligation she entered into. If, as she now alleges, there was error as to the amount due by her brother, she could easily have shown it by his testimony, which she has not attempted to do. Her simple allegation cannot be admitted to show error in the amount she acknowledged to be due under her signature. A woman of full age, not under the control of a husband, must stand on the same footing as any other person able to contract. She will be presumed to have intended to bind herself in the manner and form in which she actually bound herself, and will not be listened to if she simply alleges that she acted unadvisedly, and without sufficient information. Civil Code, art. 1775. A clear case of error, or want of consideration must be shown, to release from his obligation a party who has, under his signature, acknowledged his indebtedness, and admitted a consideration. The present is not such a one.

The deed of mortgage, although not good as an authentic act, is binding on the defendant as an act under private signature. Civil Code, arts. 2232, 3272, 1890.

*Judgment affirmed.*